■ In the Matter of the Claim of RONNIE RAMROOP, Appellant, v FLEXO-CRAFT PRINTING, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [837 NYS2d 444]—

Crew III, J.P. Appeal from a decision of the Workers' Compensation Board, filed November 7, 2005, which ruled that claimant was not entitled to additional workers' compensation benefits pursuant to Workers' Compensation Law § 15 (3) (v).

Claimant sustained a work-related injury to his right hand in 1995 and, after he was awarded a 75% schedule loss of use of his hand, his case was closed. Thereafter, in 2002, claimant requested that his case be reopened to determine whether he was entitled to additional benefits pursuant to Workers' Compensation Law § 15 (3) (v). A Workers' Compensation Law Judge found claimant eligible for additional benefits, but that determination was rescinded by the Workers' Compensation Board and the matter was remanded for further testimony. Following an additional hearing, claimant was again found eligible for additional benefits. Upon appeal, the Board again reversed, finding that claimant did not meet the criteria for additional benefits. Claimant now appeals.

Workers' Compensation Law § 15 (3) (v) provides for additional compensation, following determination of the claimant's schedule payments, to a claimant whose earning capacity is impaired by reason of a job-related loss of use of 50% or more of, among other things, a hand. In order to be eligible for such additional compensation, a claimant must initially establish that his or her impairment of earning capacity is due "solely" to the compensable injury (Workers' Compensation Law § 15 [3] [v]). Here, the Board quite properly found that because claimant was an undocumented alien, he was ineligible for employment in the United States and, thus, his loss of earning capacity was not solely attributable to his compensable injury. Contrary to claimant's contention, Workers' Compensation Law § 17 does not compel a contrary result.

Spain, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.